Samuel Jacobs Distributors, Inc., Appellant, *v.*
Conditioned Air, Inc.

Argued September 13, 1972. Before WRIGHT, P. J.,
WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE and
PACKEL, JJ.

*Melvin Lashner,* with him *Adelman & Lavine,* for appellant.

*Frank N. Gallagher,* with him *Eastburn and Gray,* for appellee.

OPINION BY SPAULDING, J., March 27, 1973:

On November 18, 1969, appellant Samuel Jacobs Distributors, Inc., brought an assumpsit action on a book account against Preform Building Components, Inc., and two additional defendants. The complaint was reinstated January 13, 1970, and on February 27, 1970, appellant obtained a default judgment against appellee in the amount of $24,015.31. "A petition to open a default judgment is an appeal to the Court's discretion, Fox v. Mellon, 438 Pa. 364, 366, 264 A. 2d 623 (1970); McDonald v. Allen, 416 Pa. 397, 206 A. 2d 395 (1965), and before that discretion will be exercised three factors must be present: (1) the petition to open is promptly filed; (2) the default is reasonably explained, and (3) a defense is shown to exist on the merits. Fox v. Mellon, supra; Wheel v. Park Building, 412 Pa. 545, 195 A. 2d 359 (1963)." *International Equity Corp. v. Pepper & Tanner, Inc.,* 222 Pa. Superior Ct. 118, 125, 293 A. 2d 108 (1972). All agree that appellee has shown

that it has a defense on the merits. The question here is whether appellee has met the other two criteria for opening a judgment, *e.g.*, promptness and a reasonable explanation of the default. A three-judge Court of Common Pleas of Bucks County heard the case below and concluded that these standards were met. Appellant appeals from their order opening the judgment.

A copy of the complaint had been duly served on appellee's registered agent, Corporation Trust Company, on January 27, 1970. The corporate agent delivered it within a day to Mr. Pepperman, a member of a Wilmington, Delaware law firm which represented *appellant* in some other matters. Pepperman deposed that on receiving the complaint he dictated a cover letter forthwith, which he subsequently signed and returned to a secretary for mailing along with the complaint to *appellant's* vice-president. He also signed copies of the letter and returned them in a similar fashion for mailing to *appellant's* president and counsel in New York, who was representing *appellant* in all matters relating to the suit and for whom Pepperman's firm was merely "base tending". However, on deposition, all three of the addresses testified that they never received a copy of either the letter or the complaint. There was no evidence of the secretary's ever having mailed the letters. Therefore we cannot presume that they were ever received. See *Paul v. Dwyer*, 410 Pa. 229, 233, 188 A. 2d 753 (1963).

There was additional testimony by a Mr. Gardner that he, too, was a Delaware attorney, employed by the same firm as Pepperman at this time. On March 11, 1970, Gardner received notice of the default judgment from counsel for one of the defendants other than appellee. He was also supplied with a copy of the complaint. Gardner informed *appellant's* vice-president of this development by telephone and subsequently sent

him the following letter, terminating his firm's involvement in the matter:

"Pursuant to our telephone conversation . . ., I herein enclose the following:

1. Correspondence relating to the suit in the Court of Common Pleas of Bucks County . . .;

2. Copy of complaint in assumpsit filed in the above case;

. . .

As you know, the only matter presently pending in the creditors' area is the question of the lawsuit filed by Samuel Jacobs Distributors, Inc., . . . . Although they have purportedly sued Preform Building Components, Inc., in that action, *we have never been served with any process* as to the same. The letter which I received . . . indicates that they have now taken a default judgment against Preform Building Components, Inc., apparently on the basis of having served one Grennell M. Riggs at 311 West Henderson Avenue, Morrisville, Pennsylvania, as our registered agent. As you have constantly advised me, you do not know Riggs and he has never been associated in any capacity or manner with Preform. . . .

As we have previously discussed, as a practical matter it would not be that difficult for them to secure good service upon us in Pennsylvania, since we do business there, . . . . If they should do this, then of course we would have to go in and defend this case on its merits. In the event that they should attempt to sue in Delaware on this judgment, we would also have to defend at that particular time. As you know, our sole connection with this lawsuit appears to be that . . . one of the defendants, is now an employee of ours and . . . they are apparently proceeding on the basis that . . . when . . . [we hired him we] also agreed to take on all the liability which he and his prior corporations

had incurred. I believe this is sufficient information for anyone who must assist you in this matter; . . . ." (R. 160a-161a) (Emphasis added.)

Gardner's mistake as to who had been served with Preform's copy of the complaint may be more clearly understood in light of two facts. First, Pepperman and Gardner often worked at two different offices of their firm. Both testified that at no time did they ever discuss the litigation in question. Since both sent letters which they felt concluded the firm's involvement in the matter, there would have been no reason for either to bring it up. Second, the caption of the complaint read as follows:

"SAMUEL JACOBS DISTRIBUTORS, INC.
Deveraux and Tacony Streets
Philadelphia, Pennsylvania 19135
vs.
CONDITIONED AIR, INC.
311 W. Henderson Avenue
Morrisville, Pennsylvania 19068
and
PREFORM BUILDING COMPONENTS, INC.
311 W. Henderson Avenue
Morrisville, Pennsylvania 19068
and
GRENNELL M. RIGGS
311 W. Henderson Avenue
Morrisville, Pennsylvania 19068
and
WALTER HUNT
Jericho Run, Washington Crossing
Yardley, Pennsylvania (R. 12a)"

Since the addresses of the first three defendants are all listed as being the same, it becomes apparent why Gardner was misled as to where service on appellee was made, especially since he did not know that Corpo-

ration Trust Company had been served or that anyone else in his firm had received a copy of the complaint. "A lower court's ruling opening or refusing to open will not be reversed unless there has been an error of law or a clear, manifest abuse of discretion. Kraynick v. Hertz, 443 Pa. 105, 277 A. 2d 144 (1971); Fox v. Mellon, 438 Pa. 364, 264 A. 2d 623 (1970);" [other citations omitted]. *Balk v. Ford Motor Company,* 446 Pa. 137, 140, 285 A. 2d 128, 131 (1971). The decision of the court below in the instant case was not such an abuse of discretion.

Appellee's reasonable explanation of the default involves both the unreceived letters and complaint and Gardner's misapprehension as to the method of service on appellee. Errors of this sort have been held to constitute sufficient legal justification to open a default judgment. *Balk, id.; Fox v. Mellon,* 438 Pa. 364, 264 A. 2d 623 (1970) (insurance claims manager erroneously assuming there was time to enter an appearance); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A. 2d 617 (1966), (neglect of counsel in not reading complaint due to being out of town and busy with other clients); *Scott v. McEwing,* 337 Pa. 273, 10 A. 2d 436 (1940), (suit papers mislaid by insurance company); *Borjes v. Wich,* 171 Pa. Superior Ct. 505, 90 A. 2d 288 (1952), (counsel's failure to appear or file an answer). The fact that two such errors occurred in the instant case, while most unfortunate for all concerned, should not alter the result.

Since, as noted above, there was no evidence that the letters which would have informed appellee of the suit were ever mailed, the trial court was justified in accepting that part of the explanation of the default. Gardner's error as to appellee's rights, while presenting a closer question, was also properly held by the court below, exercising its discretion, to constitute a reasonable explanation of the default.

This Court has held that where a "judgment was not due to an oversight, an unintentional omission to act, or a mistake of the rights and duties of the defendant, but was the result of a decision, after deliberation, not to defend", a default judgment will not be opened. *Kanai v. Sowa*, 109 Pa. Superior Ct. 426, 428, 167 A. 429, 430 (1933). In the instant case, however, Gardner's error *was* an oversight, mistaking the rights of the appellee and thus causing appellee not to defend. He did not know he was taking any calculated or strategic risk, because, as noted by the court below, "he inferred that valid service had not yet been made." This case therefore is similar to *Balk*, supra, where our Supreme Court affirmed the opening of a default judgment based on the inaction of an insurance company, which after receiving a complaint against an insured misplaced it and neglected to defend. As the Court noted in *Balk, Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A. 2d 505 (1967) and *Baraonfski v. Malone*, 371 Pa. 479, 91 A. 2d 908 (1952), two cases cited as refusing to open judgments are inapposite. "Both are marked by a deliberateness of delaying tactics on the part of the defendant which is not present here." *Balk*, supra, 446 Pa. at 141.[1]

Finally, appellee's ten-month delay in filing the petition to open judgment must be considered in light of the requirement of promptness. In the circumstances of this case, however, the timeliness of appellee's petition must be considered together with the explanation of the default. The court below concluded that after receiving Gardner's letter, appellee "remained in a false sense of security until November 5, 1970, when it was served in Delaware with papers in a suit on the judgment. It [then] retained other counsel who filed a

---

[1] See also Dissenting Opinion (PACKEL, J.), *Criscuolo v. Moore Farms, Inc.*, 222 Pa. Superior Ct. 323, 326, 294 A. 2d 895, 897 (1972).

petition to open the judgment on December 30, 1970. . . . Under the circumstances of this case we cannot say that one month and twenty-five days is not prompt." The lower court's finding is not an abuse of discretion, particularly since it must be remembered that from the time of Gardner's letter until it was served in the Delaware suit, appellee had not retained other counsel on this matter.

The order of the court below is affirmed.