Beam, et al., Appellants, *v.* Carletti.

Argued March 26, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Carmen P. Belefonte,* with him *Kassab, Cherry and Archbold,* for appellants.

*Francis G. Pileggi,* with him *Pileggi and Desmond,* for appellee.

OPINION BY JACOBS, J., June 21, 1974:

This is an appeal from the order of the court below opening the default judgment taken by appellants. The issue is whether the lower court abused its discretion in making that order. We find that it did, and reverse.

The present action was commenced on September 28, 1972, when appellants filed a complaint in trespass. The complaint, which notified the defendant to plead within 20 days from service or risk a default judgment, was properly served on defendant-appellee on October 5, 1972. No pleading from defendant was forthcoming and on January 26, 1973, appellants filed a praecipe for entry of judgment by default. By a letter dated January 25, 1973, appellants' counsel notified defendant that a judgment by default had been entered against him. In a February 1, 1973, letter, defendant's counsel informed appellants' counsel that he would like to discuss settlement of the case or petition to open judg-

ment. Appellants' counsel made no reply to this letter. On July 18, 1973, appellants' counsel wrote to defendant's counsel stating that he had the matter listed for assessment of damages, but was still willing to discuss and possibly settle the issue of damages. In another letter on July 23, 1973, appellants' counsel notified defendant's counsel that a hearing for assessment of damages was to be held on August 22, 1973. On August 10, 1973, appellants' counsel also notified the defendant of the August 22nd hearing. Because defendant's counsel could not attend the hearing on August 22nd, a continuance was granted. Finally, on August 29, 1973, defendant filed a petition to open the judgment. A hearing on that petition was held on October 9, 1973, and the lower court, on December 11, 1973, opened the judgment. This appeal followed.

It is a well-settled rule that a default judgment will not be opened by the court unless the defendant has satisfied each of the following requirements: a petition to open a default judgment has been promptly filed; the petition satisfactorily explains the defendant's failure to act prior to entry of the default judgment; and the petition sets forth a meritorious defense. *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973). However, no meritorious defense need be set forth to open a default judgment in a trespass action. *Kilgallen v. Kutna*, 226 Pa. Superior Ct. 323, 310 A.2d 396 (1973). Since the present case is an action in trespass, the defendant was required only to explain his default and any delay in moving to open the judgment. *Id.* If these prerequisites have not been satisfied, the lower court has abused its discretion in opening the default judgment. *McCoy v. Public Acceptance Corp.*, supra.

To resolve this case, we need only review the requirement that a defendant must explain his delay in moving to open the default judgment. Admittedly, the

defendant in this case became aware of the default judgment against him the last week of January 1973, but no petition to open that judgment was filed until 7 months later on August 29, 1973. To explain this delay, defendant's counsel in the petition to open averred that he immediately (in February of 1973) communicated with counsel for appellants and requested a discussion on the merits of the case, but that no reply was received until July 25, 1973, when appellants' counsel informed him that he would only discuss the amount of damages. During the hearing on the petition to open, defendant's counsel argued that appellants were under a duty to respond to his February 1973 communication and the delay in filing the petition to open was due to appellants' failure to reply.[1] A similar argument was made in *Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973), where the defendants, soon after judgment had been entered against them, communicated with plaintiff's attorney by letter and sought to have him enter into a stipulation to open judgment. No response was forthcoming, and almost 8 months later defendants petitioned to open the judgment. The Court found this excuse for the delay to be unconvincing and stated that "the mere sending of a letter without any response from the other side certainly does not justify their remaining inactive for nearly eight months and not moving promptly to open the judgment." *Id.* at 599-600, 307 A.2d at 839.

In the present case, appellants were under no duty to respond to the letter from defendant's counsel. More-

---

[1] In his brief, defendant's counsel appears to have shifted his argument and claims that counsel for the parties on several occasions, between February and July 1973, informally discussed settlement. However, these facts were not averred in the petition to open, introduced at the hearing, or found in any part of the record. Therefore, we cannot consider them or their effect on this case.

over, there are no facts on the record which indicate that appellants sought to lull the defendant into inaction after they had obtained judgment against him. *Compare Good v. Sworob*, 420 Pa. 435, 218 A.2d 240 (1966). Because the defendant had no reasonable explanation for his failure to promptly file a petition to open, we hold that the lower court erred in opening the judgment.

Order reversed.