Barron, Appellant, *v.* William Penn
Realty Company et al.

Argued June 13, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*John Mattioni*, with him *Mattioni, Mattioni & Mattioni*, for appellant.

*Edward R. Paul*, with him *Walter J. Timby, Jr., James M. Marsh*, and *LaBrum and Doak*, for appellee, William Penn Realty Company.

OPINION BY PRICE, J., March 29, 1976:

Appellant contends that the lower court erred in opening a default judgment entered against appellee William Penn Realty Company. We agree and will therefore reinstate the default judgment.

On October 30, 1972, the appellant, Mrs. Marcella Barron, was injured when she fell down the stairs of a Philadelphia apartment building. On January 31, 1974, Mrs. Barron, who was a third floor tenant in the building, filed a complaint in trespass against the following defendants: (1) William Penn Realty Company; (2) Jilan Corporation; and (3) David Carroll and W. B. Fairweather, Jr., trading as Carroll & Fairweather, a partnership. These defendants were described in the complaint as being "the owners, operators, possessors and in sole possession, custody and control of the property."

On February 6, 1974, William Penn Realty Company received service of the complaint, and thereafter delivered the complaint, properly endorsed with notice to plead, to the United States Liability Insurance Company (USLIA). After receiving the complaint, USLIA instructed its retained counsel to represent only Jilan Corporation and David Carroll individually. On February 22, 1974, USLIA's counsel, as directed, entered an appearance "on behalf of JILIAN [sic] CORPORATION AND DAVID CARROLL, INDIVIDUALLY, Defendants...." No appearance was made for William Penn Realty Company, W. B. Fairweather, or Carroll & Fairweather.

On February 21, 1974, USLIA's counsel filed preliminary objections to appellant's complaint, alleging that the appellant had improperly attached interrogatories and a request for documents to the complaint. On May 7, 1974, the trial court sustained the preliminary objections. On May 23, 1974, appellant entered a default judgment against William Penn Realty Company. Appellant then gave notice of the judgment to the appellee, which notified USLIA. On October 11, 1974, the appellee, now represented by USLIA's counsel, filed a petition to open the default judgment. On January 23, 1975, the court below ordered that the default judgment be opened and that the appellee be permitted to assert a defense. This appeal followed.

A lower court's disposition of a petition to open a default judgment is a matter of discretion, and will not be overturned in the absence of a clear, manifest abuse of that discretion. *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). In determining whether a lower court has abused its discretion, we must consider whether three factors have coalesced: (1) the petition to open was promptly filed, (2) the default was reasonably explained, and (3) a defense on the merits was shown to exist.[1]

---

1. It has been held that a defendant need not show a defense on

218

*Ruczynski v. Jesray Cons. Corp.*, 457 Pa. 510, 512, 326 A.2d 326 (1974); *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973). To resolve this case, we need only review the requirement that a moving party must reasonably explain his failure to appear or answer.[2]

The record has established that USLIA, after receiving the complaint which had·been served on the appellee, instructed its counsel that:

> "In addition to the insured listed in the caption of this letter [Jilan Corporation], David Carroll is also a named insured on our policy. Accordingly, we would be obligated to provide a defense for this individual as well as Jilan Corporation."

Appellee, in support of its petition to open the default judgment, averred simply that USLIA did not provide it with legal representation because of "an oversight and/or inadvertence...." Appellee offered no further explanation for its failure to answer the complaint. It is well-established that the moving party, in order to gain relief from a default judgment, is required to reasonably *explain, excuse,* or *justify* his failure to appear or answer. *E.g., Zellman v. Fickenscher*, 452 Pa. 596, 307 A.2d 837 (1973); *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). A mere allegation of negligence or mistake will not, by itself, satisfy this requirement; the moving party must advance in argument a factual basis to support his plea for relief. *See, e.g., Balk v. Ford Motor*

---

the merits in order to have a default judgment opened in a trespass action, if the equities are otherwise clear. *Kraynick v. Hertz*, 443 Pa. 105, 277 A. 2d 144 (1971); *Beam v. Carletti*, 229 Pa. Superior Ct. 168, 323 A. 2d 180 (1974).

2. Because we hold that the appellee did not present a reasonable excuse for its failure to answer appellant's complaint, we need not determine whether appellee's petition to open was promptly filed or whether a defense on the merits was shown to exist.

*Co.*, 446 Pa. 137, 285 A. 2d 128 (1971) (insurance carrier lost insured's court papers during the heavy mail rush of a New Year's holiday period); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971) (overworked employee failed to notify the insurance carrier of plaintiff's suit until after entry of default judgment.)[3] We find that the lower court[4] abused its discretion in opening the default judgment.

The order of the lower court is reversed, and the default judgment is reinstated.

CONCURRING OPINION BY SPAETH, J.:

It is necessary only to examine the petition to open, and appellant's answer to the petition, to reach the conclusion that it was an abuse of discretion to open the default judgment. Since depositions were not taken, the averments contained in the answer to the petition to open must be taken as true. *Smith v. Dale*, 405 Pa. 293, 296, 175 A.2d 78, 80 (1961); Pa. R.C.P. 209 (b). Consequently, appellee did not give a reasonable explanation of its default, and it was therefore error to open the default judgment.

CERCONE, J., joins in this opinion.

---

3. In *Kraynick*, the record showed that the default judgment was taken early in the morning of the twenty-first day after service of the complaint, evidencing a studied attempt on the part of the plaintiff to obtain the judgment. No such suggestion exists here because the appellant entered the default judgment approximately 3-1/2 months after the service of the complaint.

4. The lower court concluded that USLIA had "clearly," and innocently, erred in its initial decision not to provide representation for the appellant. We find, however, that the record is sufficiently ambiguous to provide support for the appellant's argument that USLIA had purposely determined not to represent the appellee. It is well-established that failure to answer or appear resulting from strategy, rather than mistake, will not provide justification for the opening of a default judgment. *See, Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A. 2d 505 (1967); *Campbell v. Heilman Homes, Inc.*, 233 Pa. Superior Ct. 366, 335 A. 2d 371 (1975).