378 A.2d 1269

**Eileen JENKINS, Appellant,**

v.

**Edward MURRAY.**

Superior Court of Pennsylvania.

Submitted June 14, 1976.

Decided Oct. 6, 1977.

Charles L. Katz, Philadelphia, for appellant.

John J. Walsh, Jr., Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

This is an appeal from an order opening a default judgment.

Appellant sued appellee in trespass, by complaint served on April 14, 1975. On April 25, appellant mailed a copy of the complaint to appellee's insurer, Allstate Insurance Company, which referred the case to its attorneys. Appellant's counsel granted appellee three extensions of time within which to enter an appearance or otherwise plead: first, an extension from May 4 (twenty days after service) to May 15; second, a "reasonable extension of time" from May 16, in response to a request from Allstate; third, an extension of thirty days from June 6, in response to a request from Allstate's attorneys. No answer having been filed and no appearance entered by July 14, appellant took judgment by default.

The petition to open was filed on July 18, and was answered on August 5. An amended petition was filed, by leave of court, on September 11, and was answered on September 25; also on September 25, a reply to the answer was filed. On the basis of these pleadings the lower court, on September 29, ordered the judgment opened.

A petition to open may not be granted unless the petitioner offers a reasonable excuse for the underlying default. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971). The decision of the lower court regarding the reasonableness of the excuse will not be reversed except for clear abuse of discretion or error of law. *Alliance Discount Corp. v. Shaw*, 195 Pa.Super. 601, 171 A.2d 548 (1961). Here, the lower court accepted the following explanation as offering a reasonable excuse:

Following receipt of the extension of time [the third extension, from June 6 to July 6], investigation and legal research was undertaken so as to formulate the basis for

an opinion concerning whether or not coverage under the defendant's policy was applicable to the incident complained of in Plaintiff's Complaint. The aforesaid investigation and review had not been completed by the time the extension of time expired and through inadvertence of counsel, and a clerical breakdown of the diary system, a further extension was not requested and thereafter plaintiff's counsel took judgment against the defendant without prior notice to counsel.

Lower Court Opinion at 3.

█ This explanation is no more than a statement that the claim was not investigated promptly, and that care was not exercised in noting the date by which an answer or entry of appearance was required. As to the failure to investigate promptly, our decision in *King v. Fayette Aviation*, 226 Pa.Super. 588, 323 A.2d 286 (1974), is controlling. There, a default judgment was entered three months after service of the complaint, one twenty-day extension having been granted shortly after service. On the petition to open, a commissioner appointed to conduct a hearing found that defendant's counsel's other court commitments represented a reasonable excuse, and the lower court opened the judgment. Reversing, we said (Judge JACOBS dissenting):

While we will not pass on the credibility of counsel's assertion, we cannot accept a "burdens of litigation" explanation for a failure to prepare and file an answer for over three months. [Citations omitted.] Appellant's cause of action was not a particularly complicated one and the preparation of an answer should not have been an unusually difficult or time consuming matter. An extension of time had already been granted and counsel had no justification for assuming that the extension would last indefinitely. [Citation omitted.] If counsel was so pressed for time it would have been a simple matter for him to have asked for another extension of time or have another attorney in his law firm prepare an answer. We find counsel's explanation for his total inaction for three months to be lacking sufficient merit to justify opening the judgment.

*Id.* 226 Pa.Super. at 590–91, 323 A.2d at 287.

As to the failure to exercise care, appellee's averment of excuse did not meet the standard we set forth in *Barron v. William Penn Realty Co.*, 239 Pa.Super. 215, 218, 361 A.2d 805, 807 (1976): "A mere allegation of negligence or mistake will not, by itself, satisfy this requirement [of reasonably explaining, excusing, or justifying failure to appear or answer]; the moving party must advance in argument * factual basis to support his plea for relief."

. Order reversed.

---

* While we have no way of knowing here what happened at argument (if, indeed, argument was had), we infer from the lower court's reliance solely on appellee's averred excuse quoted above that nothing further in the way of a factual basis was advanced.