385 A.2d 462

**John R. VAN HORN, Trustee of Russell A. Van Horn, and David C. Van Horn, Trustee of Russell A. Van Horn**

**v.**

**J. Paul ALPER, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 19, 1977.

Decided April 13, 1978.

526

John Rogers Carroll, Philadelphia, submitted a brief for appellant.

Richard P. Abraham, Philadelphia, for appellees.

Before WATKINS, President Judge, and HOFFMAN, CERCONE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an order denying a petition to open or strike a default judgment.

Under date of January 28, 1975, Russell A. Van Horn (hereinafter, Van Horn) entered into a written contract with J. Paul Alper, appellant, to do certain repair and maintenance work on property known as 303 Levick Street in Philadelphia at a contract price of $1,100. It is contended on behalf of Van Horn that the work was done in an improper, unworkmanlike and unacceptable manner and that it has or

will cost Van Horn $975 to correct these deficiencies. It is also claimed on behalf of Van Horn that he made a series of loans to the appellant aggregating $17,700 which were not repaid when due.

Van Horn has been represented in the ensuing litigation by two trustees of his property, the appellees herein. The petition to strike was based on the averment that the complaint did not sufficiently establish that they were the trustees of the property of Van Horn, a contention disallowed by the trial court on the basis of Pa.R.C.P. 2002(b)(1). The appellant has neither briefed nor argued the matter on appeal and it will be treated as abandoned. There remains for review only the ruling on the petition to open the judgment.

On September 9, 1975, appellees started an equity action against the appellant by a service of summons in equity based on the foregoing claims. On September 22, appellant's counsel obtained a rule on the appellees to file their complaint within 20 days. Instead of doing so, they instituted the present action at law on December 4. This complaint at law was served on the appellant at his home on December 10. He ignored the papers served on him. On December 31, exactly 21 days after service, appellees entered a default judgment, notice of which was mailed to the appellant at his Philadelphia address by the Prothonotary during the first week in January. This notice was received in due course of mail and promptly turned over to appellant's counsel. Counsel took no steps to open the judgment or even communicate with counsel for the appellees until June 28, 1976. On that date he notified the appellees of his intention to file a petition to open the default judgment. Such a petition was filed on July 13 and with it the appellant's answer to the complaint.

In the petition the appellant avers that he did not call the complaint to the attention of his counsel until after the default judgment had been entered because "he reasonably assumed that it related to the previously filed action in equity". The ensuing delay of nearly six months in filing

the petition to open the judgment is explained in the petition as an "unintentional inadvertence" caused by the fact that appellant's counsel misplaced the file because of "temporary and inexperienced secretarial help". Concerning the merits of the dispute, appellant asserts in his petition that the repair work done on the residential property at 303 Levick Street was performed in a good and workmanlike manner and inspected and approved by Van Horn. It also contains a general denial that any sums were at any time loaned to appellant by Van Horn.

In the appellees' answer to the petition to open, they denied the appellant's averment that the repair work was done in a satisfactory manner or inspected and approved by Van Horn. It is said in answer to the denial that any sum had been loaned to the appellant that the matter is at issue under the Rules of Civil Procedure.

The petition was brought on for a hearing unsupported by any depositions, affidavits or other evidence in support of its factual averments. In that posture the trial court entered an order on October 18, 1976, denying the appellant's petition. It is from that order that this appeal is taken.

A petition to open a default judgment is addressed to the discretion of the trial court. Normally an appellate court will not reverse a ruling either opening or refusing to open a default judgment unless there was an error of law or a clear abuse of discretion: *Hersch v. Clapper*, 232 Pa.Super. 500, 335 A.2d 738 (1975).

It is well established that a petition to open a default judgment should not be granted unless three conditions have been met: (1) the petition must have been promptly filed; (2) the default which led to the judgment must be satisfactorily explained; and (3) the existence of a meritorious defense to the cause of action must be shown: *Kabanow v. Kabanow*, 239 Pa.Super. 23, 24, 361 A.2d 721 (1976) and decisions therein cited. The trial court concluded that none of the conditions had been met.

■ Approximately six months elapsed from the time appellant's counsel was notified of the default judgment until he filed his petition to open. Counsel acknowledges having received notice of the default judgment from his client early in January. He did not notify appellees of his intention to file a petition to open the judgment until June 28, some 5½ months later. At no time prior to that date did he attempt to get in touch with appellees' counsel. He did not actually present the petition and obtain a rule to show cause until July 21.

The trial court concluded that counsel's delay in filing the petition to open "was caused by procrastination, dilatoriness and forgetfulness" and that such conduct did not excuse the untimeliness of the petition. We find no fault with that conclusion. Appellant's counsel had knowledge of the prior action in equity between the same parties and involving the same disputes for he represented the appellant in obtaining a rule to file a complaint. Counsel could reasonably assume that the same attorney represented the appellees in the law action. On this background his excuse is that he received the "suit papers", opened a file which his secretary temporarily misplaced and thereafter forgot about the litigation for a period of over 5 months is unconvincing. His explanation that the file was temporarily misplaced is an inadequate excuse. It does not explain forgetting (1) the identity of the attorney for the appellees in this action and the prior equity proceeding, (2) the fact that a default judgment had been entered in this case, and (3) the obligation that he owed to himself and his client to make prompt application to open the default judgment.

■ It is equally difficult to understand or excuse the cavalier manner in which the appellant treated the complaint after it was served upon him on December 10. He simply ignored the document until he received notice that a default judgment had been taken, although the first page of the complaint contained a full and complete notice to defend within 20 days as required by Pa.R.C.P. 1018.1. The notice included the capitalized advice "you should take this paper

to your lawyer at once". There is no evidence that the appellant could not read or write or suffered any mental disability. He was not inexperienced with legal matters because he had already hired counsel to defend him in the earlier equity action. This would indicate that he knew the importance of responding to process, the necessity of defending and the need for assistance of counsel.

Nevertheless it is averred on behalf of the appellant that he "reasonably assumed" that the complaint and notice pertained to the first equity action and, as a consequence, did nothing until he received notice of the default judgment. Even if he believed that the papers served upon him related to the prior equity action, he must have known that he had a duty to respond to it if he read the paper. Consequently, we agree with the trial court that the appellant has not satisfactorily explained his default in answering the complaint.

■ Appellant leaves us in doubt as to whether he would have a meritorious defense if the judgment were to be opened. He avers in his petition that the house repair work at 303 Levick Street was done in a good and workmanlike manner and to the satisfaction of Van Horn, but this is denied in appellees' answer to the petition. He also avers that no sum was loaned him by Van Horn to which it is responded in the answer that the matter is at issue under the applicable rules of civil procedure. The hearing on petition and answer was held without supporting depositions, affidavits or other evidence by the appellant in support of his disputed contention that he has a defense to both issues. In the absence of such evidence we must accept as true the contradicting allegations of the appellees' answer: Pa.R.C.P. 209; *Vallish v. Rapoport*, 364 Pa. 25, 70 A.2d 616 (1950); *Smith v. Dale*, 405 Pa. 293, 175 A.2d 78 (1961); *Matlock v. Lipare*, 243 Pa.Super. 167, 170–1, 364 A.2d 503 (1976).

■ It would be inappropriate to remand this case for the purpose of permitting appellant to supply depositions or affidavits in support of his assertions that he has a meritori-

ous defense. He has had ample opportunity to make this move and has elected to have the issue determined on petition and answer. On that record, a meritorious defense is not established. Further proceedings would only increase the delay and expense to which appellees have already been put and might increase the possibility of a judgment-proof debtor.

Even if further proofs established the existence of a meritorious defense, the long and inadequately explained delay in moving to open the judgment and the absence of any acceptable explanation for the appellant's original default in responding to the appellees' complaint would preclude opening the judgment at this late date.

Affirmed.

JACOBS, President Judge, WATKINS, former President Judge, and PRICE, J., did not participate in the consideration or decision of this case.