396 A.2d 799

**Thomas BROOKS, a minor, by his father and natural guardian, John Brooks**

**and**

**John Brooks, in his own right, Appellees,**

**v.**

**SURMAN DENTAL LAB, INC., and Stuart Surman, Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1977.

Decided Jan. 19, 1979.

Petition for Allowance of Appeal Granted April, 9, 1979.

appearance of a conflict of interest should be avoided. *Robinson License,* 75 Pa.D. & C.2d at 478.

Frank N. Gallagher, Doylestown, for appellants.
Joseph A. Robinson, Bristol, for appellees.

Before WATKINS, President Judge and JACOBS, HOFF-MAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

This appeal arises from a lower court order denying appellants' petition to open a default judgment. For the reasons stated herein, we reverse the order of the court below and remand the case for further proceedings.

Facts pertinent to our decision are as follows. On October 20, 1974, an automobile accident occurred in which the minor plaintiff-appellee, a pedestrian, was injured. A complaint in trespass was filed on January 5, 1976, and served on appellant, Stuart Surman. On January 9, 1976, Mr. Surman sent the complaint and an explanatory cover letter to his insurer, the Liberty Mutual Insurance Company, in Plymouth Meeting, Pennsylvania. A registered mail receipt, signed by an authorized agent, indicates that Mr. Surman's letter and the complaint were received in the Plymouth Meeting office on January 13, 1976. On February 25, 1976, a default judgment was entered for appellants' failure to file an answer or to enter an appearance in the matter. On May 10, 1976, appellants filed a petition to open the judgment. Following appellees' answer and the taking of a deposition, the court below dismissed the petition on November 9, 1976.

 It is well settled that a petition to open a default judgment is addressed to the court's equitable powers, and the trial court's decision will not be disturbed absent a clear abuse of discretion. *Pappas v. Stefan,* 451 Pa. 354, 304 A.2d 143 (1973); *Sprouse v. V.F.W. Post 7155,* 237 Pa.Super. 419, 352 A.2d 134 (1975); *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 335 A.2d 371 (1975). In a trespass action, a petition to open should be granted only if the petition has been promptly filed, and the failure to appear or file a timely answer can be reasonably explained or excused. *Zellman v. Fickenscher,* 452 Pa. 596, 307 A.2d 837 (1973); *Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977); *Moyer v. Americana Mobile Homes,*

*Inc.,* 244 Pa.Super. 441, 368 A.2d 802 (1976); *Beam v. Carletti,* 229 Pa.Super. 168, 323 A.2d 180 (1974).

Mr. Edward J. Shanahan, a claims supervisor for Liberty Mutual, was deposed, and testified that the Plymouth Meeting office handles only insurance sales, and that the Bala Cynwyd office deals with claims. In addition, the Bala Cynwyd location has separate offices for personal sales, business sales, business underwriting, personal risk underwriting and loss prevention. A great deal of correspondence passes between the Bala Cynwyd and Plymouth Meeting offices, but the claims office is not normally involved in the interoffice communications. Mr. Shanahan testified that his office received no notice of the action which is the subject of this appeal, until March 31, 1976, when John Finn, an adjuster in Mr. Shanahan's department, received the complaint in a plain white envelope. Subsequently, Liberty Mutual entered an appearance and conducted an inquiry to try to determine what happened to the complaint between January 13, 1976, its arrival at Plymouth Meeting, and March 31, its receipt at Bala Cynwyd. Mr. Shanahan testified that he could not explain the loss of the complaint during that time. He described the mailroom procedures in Bala Cynwyd and attributed the loss to a mix-up in the mail system.

Appellees assert that appellants in effect offered no explanation for the failure to appear or answer. To the contrary, Liberty Mutual explained its failure as well as it could under the circumstances. When Mr. Shanahan inquired of the Plymouth Meeting Office what had happened to the complaint, he learned that only Mr. Surman's cover letter remained on file and that the complaint was "assumed" to have been mailed to Bala Cynwyd in January. As the court stated in *Balk v. Ford Motor Company,* 446 Pa. 137, 142, 285 A.2d 128, 131–32 (1971), "The critical question, therefore, is whether an error of this sort by an insurance carrier, viz., losing a customer's court papers, constitutes a sufficient legal justification to open a default judgment against the insured. This Court has held that it does.

[Citations omitted.]" The lack of appearance in this case is attributable to oversight of the insurance carrier, *DiNenno v. Great Atlantic & Pacific Tea Co.,* 245 Pa.Super. 498, 369 A.2d 738 (1976). As in *Scott v. McEwing,* 337 Pa. 273, 10 A.2d 436 (1940), we find that there was no fault on appellant Surman's part. He acted promptly, had reason to believe that the insurance company was in possession of the complaint and would handle it, and received no notice from appellees of an intent to enter a default judgment. Further, the insurance company's action was not a strategic decision, see *Barron v. William Penn Realty,* 239 Pa.Super. 215, 361 A.2d 805 (1976), or intentional misconduct, but mere inadvertence in misplacing the complaint. Therefore, we find the failure to appear reasonably explained.

■ Appellees assert that the petition to open, filed on May 10, 1976, was untimely. Only thirty-three days passed between appellants' learning of the judgment and the filing of the petition. In that time, Liberty Mutual corresponded with Mr. Surman to learn the particulars of his receipt of the complaint and subsequent handling of it. The Bala Cynwyd and Plymouth Meeting Offices corresponded in an effort to garner facts to support the petition to open. On April 30, 1976, Liberty Mutual's counsel sent an affidavit to Mr. Surman for signature and notarization, to be attached to the petition to open. In light of these actions taken by Liberty Mutual, the petition's filing was timely.

■ Where the equities are clear, a good defense need not be posited to have a judgment opened in a trespass action. A good defense can qualify as an equitable consideration, however, favoring opening of the judgment. *Balk v. Ford Motor Co., supra; Sprouse v. V. F. W. Post 7155, supra.* In the instant case, appellants assert an arguably valid defense; namely, that the minor plaintiff-appellee was solely negligent for the accident.

■ We note in closing that once again, appellees' counsel failed to give any notice to appellants of an intent to enter a default judgment. Although the Rules of Civil Procedure

do not contain a notice requirement, we have repeatedly chastized counsel for failing to accord that courtesy. In *Silverman v. Polis,* 230 Pa.Super. 366, 370–71, 326 A.2d 452, 454–55 (1974), Judge Cercone wrote for a majority of this court:

> "One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequently singled out as an important factor justifying the opening of a default judgment. [Citations omitted.]
>
> . . . . .
>
> . . . [A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision. [Footnote omitted.]"

The fact that no notice was given, combined with the lack of any prejudice to appellee, further substantiates our decision to reverse the court below.

The order is reversed, and the case is remanded for further proceedings.

JACOBS, President Judge, files a dissenting statement in which SPAETH, J., joins.

This case was decided prior to the retirement of JACOBS, former President Judge.

WATKINS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.

JACOBS, President Judge, dissenting:

I dissent. I find no abuse of discretion by the court below.

SPAETH, J., joins in this dissenting statement.