428 A.2d 1003

**Elizabeth CORPREW, Appellant,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA and City of Philadelphia.**

Superior Court of Pennsylvania.

Argued March 13, 1980.

Filed April 20, 1981.

Petition for Allowance of Appeal Denied Sept. 17, 1981.

Samuel L. Spear, Philadelphia, for appellant.

Peter C. Paul, Philadelphia, for Prudential, appellee.

Gayle R. Smith, Assistant City Solicitor, Philadelphia, for Philadelphia, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This is an appeal from an order of the lower court opening a default judgment. Appellant, Elizabeth Corprew filed a

complaint on October 16, 1978; count one was in assumpsit against the Prudential Insurance Company (hereafter referred to as the company); and a second count in trespass named as defendant the City of Philadelphia (hereafter referred to as the city). It was alleged that the city negligently advised appellant, and failed to take the proper action concerning life insurance proceeds payable under a policy on a deceased city employee. Appellant claims to be a beneficiary under the policy. The city was served with notice to defend on October 19, 1978. The city did not file an answer nor did it have its attorney enter an appearance. On December 21, 1978 (63 days after the city had been served) appellant moved for judgment by default for failure to plead; appellant's motion was granted. The city received notice of the default judgment on December 27, 1978, and petitioned to open judgment on January 17, 1979. The city argued that due to conflicting claimants of the pension and insurance proceeds of the deceased employee, the employee's personnel file was in intra-departmental circulation. The city claimed the file was essential, to its determination of the validity of appellant's claim and to respond to the complaint. The city concluded that its failure to answer was a clerical inadvertence due to the confusion over who was entitled to the proceeds. The court opened judgment on March 29, 1979 finding the failure to answer was due to a "reasonable excuse". The court filed a supplemental opinion on October 2, 1979. In its supplemental opinion the court noted that appellant had waited some four years and eight months to institute the suit and that she had pointed to no prejudice incurred as a result of the city's delay. Appellant here appeals the order opening judgment.

■ Appellant's argument is simply that the excuse given by the city for its failure to answer was not adequate. The city argues to the contrary, suggesting its reasons demonstrated a legitimate excuse for its failure to answer. The company which did file an answer, is not directly involved in the present controversy; however the company would like to have the controversy over the entitlement of the proceeds

litigated, instead of determined by a default judgment. The company argues the city's failure to answer is excusable and not prejudicial to the appellant.

> "This court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *Epstein v. Continental Bank & Trust Company,* [260] Pa.Super. [522], 394 A.2d 1049 (1978); *Nevils v. Chernitsky,* 244 Pa.Super. 501, 368 A.2d 1297 (1976)." *Shainline v. Alberti Builders, Inc.,* 266 Pa.Super. 129, 403 A.2d 577 (1979).

In a trespass action, a defendant in order to have a default judgment opened need only show the petition to open was promptly filed and there was a reasonable excuse for the default; a meritorious defense need not be demonstrated if the equities are otherwise clear. *Kraynick v. Hertz,* supra; *Beam v. Carletti,* 229 Pa.Super. 168, 323 A.2d 180 (1974); and *Bethlehem Apparatus Company v. H. N. Crowder, Jr. Company,* 242 Pa.Super. 451, 364 A.2d 358 (1976).

■ There is only one issue before this court; did the lower court abuse its discretion in finding the city's failure to answer was reasonably excused. We believe the court did err and accordingly reverse.

A brief discussion of two previous cases will explain our holding here. In *Jenkins v. Murray,* 250 Pa.Super. 519, 378 A.2d 1269 (1977), the defendant failed to answer a complaint, even after an extension of time had been granted. Counsel's excuse was that investigation and legal research were required; such review had not been completed before the extension expired and "through inadvertence of counsel, and a clerical breakdown of the diary system" no further extension was requested. This court found such excuse insufficient and reversed the order opening the judgment. The defendant in *Van Horn v. Alper,* 253 Pa.Super. 524, 385 A.2d 462 (1978), ignored a complaint believing it pertained to other legal matters which his attorney was already engaged in. Only after a default judgment had been taken did he

forward the documents to his counsel. This court held such conduct did not reasonably explain the default.

The present excuse is even less satisfactory than the ones given in *Jenkins* and *Van Horn*. Counsel here, like in *Jenkins* claimed more time was needed to review the case. But, unlike *Jenkins*, counsel here does not argue that failure to seek an extension was justified. Appellee here, like the defendant in *Van Horn* chose to ignore the complaint until notice of a default judgment had been received. But here, unlike *Van Horn*, the complaint remained in the hands of the legal department of a large city and not in the hands of a defendant who lacked legal training. Accordingly, we find that appellee's excuse was insufficient to allow the lower court to open judgment. Such order to open, based on such a legally flimsy excuse, amounts to an abuse of discretion.

We vacate the order of the lower court and direct that the judgment by default be reinstated.

Order vacated.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I dissent. I find no abuse of discretion in the lower court's granting of the petition of appellee, City of Philadelphia. The approach that should be taken in this case was detailed by our Supreme Court in *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). The court explained that default judgments are subject to being opened if equitable considerations so demand, that is,

In determining whether a judgment by default should be opened, we must ascertain whether there are present any equitable considerations in the factual posture of the case which require that we grant to a defendant against whom the judgment has been entered an opportunity to have his

"day in court" and to have the cause decided upon the merits. In so doing, we act as a court of conscience. Id., 443 Pa. at 111, 277 A.2d at 147.

As the majority notes, our review of a lower court's ruling on a petition to open judgment is limited to a determination of whether the lower court abused its discretion in making its decision.

In supporting its conclusion that such an abuse occurred in this case, the majority likened the present facts to those in *Jenkins v. Murray*, 250 Pa.Super. 519, 378 A.2d 1269 (1977). In that case, the court held that the defendant had not provided the court with an excuse that met the standard established by our court in *Barron v. William Penn Realty Co.*, 239 Pa.Super. 215, 361 A.2d 805 (1976). In *Barron*, the only excuse offered for failure to file a timely appearance was that the failure was the result of "oversight and/or inadvertence." The court held that such an allegation of negligence or mistake will not alone satisfy the requirement that petitioner "explain, excuse or justify" his failure to appear. To obtain relief, the petitioner must advance a factual basis to support his plea for relief. Id., 239 Pa.Super. at 218, 361 A.2d at 807.

The petitioner in *Jenkins* had not completed his research and investigation within the requisite period. However, it was not the incomplete investigation that he used as an excuse for his tardiness. What that petitioner sought was an extension of time in which to complete his investigation. He failed to ask for that extension because of clerical error, not because his research was ongoing.

On the other hand, appellee in the present case sought to excuse his tardiness by explaining the logistical problems it encountered in dealing with appellant's claim. In its effort to ascertain the merits of that claim, appellant sought information from several of its departments.

It was within the discretion of the trial court to decide that this excuse was adequate and reasonable. The city explained that because of unusual circumstances a procedure

was followed in this case that differed from its usual modus operandi. More than negligence or mistake was alleged.

Consequently, I dissent.