467 A.2d 601

**Richard BILDSTEIN**

v.

**Lorraine E. McGLINN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 4, 1983.

Filed Oct. 21, 1983.

418

Robert C. Steiger, Philadelphia, for appellant.

Phillip H. Baer, Philadelphia, for appellee.

Before WIEAND, McEWEN and MONTGOMERY, JJ.

WIEAND, Judge:

Lorraine E. McGlinn has appealed from an order of the trial court which denied her motion to strike or open a default judgment entered against her by Richard Bildstein. We agree fully with the trial court that there is no record

defect that would permit a striking of the default judgment. We are constrained to conclude, however, that the circumstances surrounding the entry of the default judgment were such as to compel, in good conscience, an opening of the judgment and that it was an abuse of discretion to refuse to do so.

A petition to open a default judgment is an appeal to the court's equitable powers. *Balk v. Ford Motor Company*, 446 Pa. 137, 140, 285 A.2d 128, 130 (1971); *Kraynick v. Hertz*, 443 Pa. 105, 109–110, 277 A.2d 144, 147 (1971); *Hutchings v. Trent*, 304 Pa.Super. 376, 378, 450 A.2d 729, 730 (1982); *Penneys v. Richard Kastner Company, Inc.*, 297 Pa.Super. 167, 169, 443 A.2d 353, 354 (1982). The grant or denial of a petition to open a default judgment is a matter vested in the sound discretion of the trial court, whose decision thereon will not be reversed in the absence of an abuse of discretion or error of law. *Kennedy v. Frank L. Black, Jr., Inc.*, 492 Pa. 397, 401, 424 A.2d 1250, 1252 (1981); *Balk v. Ford Motor Company, supra*, 446 Pa. at 140, 285 A.2d at 131; *Duffy v. Gerst*, 286 Pa.Super. 523, 532–533, 429 A.2d 645, 650 (1981); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 134, 403 A.2d 577, 579 (1979). In determining whether a judgment by default should be opened, a court must ascertain whether there are present any equitable considerations in the factual posture of the case which require that it grant to a defendant against whom the judgment has been entered an opportunity to have his day in court and to have the cause decided upon the merits. In so doing, the court acts as a court of conscience. *Kraynick v. Hertz, supra* 443 Pa. at 111, 277 A.2d at 147. Accord: *Ecumenical Enterprises, Inc. v. Nadco Construction, Inc.*, 253 Pa.Super. 386, 394, 385 A.2d 392, 396 (1978). In general, a default judgment in a trespass action may be opened when the petition to open has been filed timely and the petitioner is able to demonstrate a reasonable excuse for the default. In such cases, a meritorious defense need not be shown if the equities are otherwise clear. See: *Balk v. Ford Motor Company, supra* 446

Pa. at 140 & n. 3, 285 A.2d at 130 & n. 3; *Kraynick v. Hertz, supra* 443 Pa. at 109, 277 A.2d at 146; *Hutchings v. Trent, supra* 304 Pa.Super. at 378, 450 A.2d at 730; *American Vending Company, Inc. v. Brewington*, 289 Pa.Super. 25, 28, 432 A.2d 1032, 1034 (1981); *Corprew v. Prudential Insurance Company of America*, 286 Pa.Super. 302, 305, 428 A.2d 1003, 1004 (1981). The rules permitting the entry of default judgments "were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended 'to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation.' " *Shainline v. Alberti Builders, Inc., supra* 266 Pa.Super. at 139, 403 A.2d at 582 quoting *Moyer v. Americana Mobile Homes, Inc.*, 244 Pa.Super. 441, 445, 368 A.2d 802, 804 (1976). Accord: *Queen City Electrical Supply Co., Inc. v. Soltis Electric Co., Inc.*, 491 Pa. 354, 361, 421 A.2d 174, 178 (1980); *Kraynick v. Hertz, supra* 443 Pa. at 111, 277 A.2d at 147; *Tronzo v. Equitable Gas Co.*, 269 Pa.Super. 392, 395–396, 410 A.2d 313, 315 (1979); *Safeguard Investment Co. v. Energy Service Associates, Inc.*, 258 Pa.Super. 512, 515, 393 A.2d 476, 477–478 (1978).

The facts of the instant case, as found by the trial court, disclose that the appellant, Lorraine McGlinn, and the appellee, Richard Bildstein, had been involved in a two car collision in Philadelphia on February 12, 1980. Bildstein filed a complaint in trespass in the Court of Common Pleas of Philadelphia County on October 29, 1980. Mrs. McGlinn, crippled as a result of the accident, was confined to bed in her home in Delaware County. Service of the complaint was made by deputizing the Sheriff of Delaware County, who handed a copy of the complaint to Mrs. McGlinn's adult daughter, Terry, on November 20, 1980, at 7:30 a.m. Mrs. McGlinn received the complaint from her daughter and immediately contacted her personal attorney, Edward J. Devery, Esquire. On November 22, 1980, Devery wrote to Phillip H. Baer, Esquire, appellee's counsel, acknowledged receipt of the complaint and requested a reasonable exten-

sion of time within which to answer, explaining that he was forwarding the complaint to Mrs. McGlinn's insurance carrier. The insurance carrier received the complaint and, on December 3, 1980, forwarded the file to Robert C. Steiger, Esquire, with instructions to defend the action. Steiger checked the docket of the prothonotary in Philadelphia on December 10, 1980 and observed that no service of process had been noted on the docket. Steiger continued to check the docket periodically, but he did not enter an appearance for appellant or file a pleading as the docket still did not reflect service of process on Mrs. McGlinn and he did not wish to waive a defect in service, if any existed. On January 8, 1981, Steiger sent the following letter to McGlinn's insurance carrier:

"We have made several efforts to file an appearance in the above matter but the docket still does not reflect any service on the defendant. Would you be so kind as to check with the insured and determine whether or not service was properly made in this matter."

Thereafter, Mrs. McGlinn provided erroneous information that her copy of the complaint had been sent by certified mail and not by personal service. On February 3, 1981, Mrs. McGlinn received a notice of intent to enter a default judgment against her. She contacted Devery, her personal attorney, who promptly forwarded it to Steiger. Steiger placed two calls to Bildstein's counsel, which were not returned. On February 5, 1981, therefore, he sent the following letter to Bildstein's attorney:

"Dear Mr. Baer:
I have for acknowledgment your letter of February 2 addressed to my client in the above matter. I have checked the docket and discussed this with the defendant and to the best of my knowledge, there has been no service of process. Would you kindly let me know when and how service was effected in this matter."

Baer did not respond until February 26, 1981 when he caused the following letter to be sent to Attorney Steiger:

"Dear Mr. Steiger:

In reply to your letter of February 5, 1981, service was made by the Sheriff of Delaware County on November 20, 1980. Please advise whether J.C. Penney intends to enter a defense in your insured's behalf."

Meanwhile, Bildstein's attorney had entered a default judgment against McGlinn on February 19, 1981. When he wrote to Steiger on February 26, 1981, Baer made no reference to the fact that a default judgment had already been entered. When Steiger received Baer's letter, Steiger immediately contacted the Delaware County Sheriff's Office and verified that service had been made on November 20, 1980. He entered his appearance the same day, on February 27, 1981. Even then, however, the docket did not reflect service of process. It also failed to reflect that a default judgment had been entered.

Appellant contends that neither she nor Steiger received notice of the default judgment until March 18, 1981. The trial court found as a fact that notice had been sent pursuant to Pa.R.C.P. 236 but did not determine when such notice was sent. James R. Viola, the clerk who made entries on the docket in the Prothonotary's office, was deposed and stated that entry of the default judgment against appellant was not made on the docket until sometime after March 2, 1981.

The petition to open or strike the default judgment was filed on March 24, 1981. The trial court concluded that it had not been filed timely. However, "[t]imeliness of a petition to open a default judgment is measured from the date that notice is received of entry of [the] default judgment." *Peoples National Bank of Susquehanna County, Pa. v. Hitchcock,* 278 Pa.Super. 375, 384, 420 A.2d 589, 594 (1980). Accord: *Ruczynski v. Jesray Construction Corporation,* 457 Pa. 510, 512, 326 A.2d 326, 328 (1974); *Forest Hills Transfer & Storage Co., Inc. v. Beaver Valley Builders Supply, Inc.,* 271 Pa.Super. 566, 570, 414 A.2d 628, 630 (1979); *Maruccio v. Houdaille Industries, Inc.,* 254 Pa.Super. 560, 564–565, 386 A.2d 91, 94 (1978). In the instant case, appellant's counsel averred that notice of the default

judgment had not been received until March 18, 1981; and the clerk testified that the default judgment could not have been entered on the docket until sometime after March 2, 1981. It seems abundantly clear, therefore, that notice could not have been received until sometime after March 2, 1981. Under these circumstances, there can be no doubt that the petition to open, filed on March 24, 1981, was timely. Cf. *Van Horn v. Alper*, 253 Pa.Super. 524, 529, 385 A.2d 462, 465 (1978). Moreover, Baer's failure to inform Steiger of the default judgment in Baer's letter of February 26, 1981 must also be considered. It concealed the fact that a default judgment had already been entered and precluded an immediate petition to open.

Appellant's explanation for the default in entering an appearance was both reasonable and compelling. Prior decisions have held that the power to open a default judgment will usually be exercised where a default has been the result of a mistake or oversight by counsel. See: *Ecumenical Enterprises, Inc. v. Nadco Construction, Inc., supra* 253 Pa.Super. at 393–394, 385 A.2d at 396; *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 103, 346 A.2d 566, 568 (1975). See also: *Peoples National Bank of Susquehanna County, Pa. v. Hitchcock, supra* 278 Pa.Super. at 382, 420 A.2d at 593; *Shainline v. Alberti Builders, Inc., supra* 266 Pa.Super. at 140 n. 6, 403 A.2d at 582 n. 6; *Moyer v. Americana Mobile Homes, Inc., supra* 244 Pa.Super. at 445, 368 A.2d at 804; *Johnson v. Yellow Cab Company of Philadelphia*, 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973); *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.*, 223 Pa.Super. 466, 471, 301 A.2d 907, 910 (1973). In *Shainline v. Alberti Builders, Inc., supra*, this Court reviewed the cases involving inaction by counsel and "distinguished between unacceptable mistakes and acceptable mistakes. On the one hand, it was said, a mistake may be unacceptable because it involves the attorney's negligence or dilatoriness, a failure to act by one who knows its implications, or a deliberate decision not to defend." *Peoples National Bank of Susquehanna County,*

*Pa. v. Hitchcock, supra* 278 Pa.Super. at 382, 420 A.2d at 592. Errors of counsel which indicate an oversight or mistake rather than a deliberate decision not to defend, have been found to constitute sufficient explanation to warrant the opening of a default judgment. See: *Kennedy v. Frank L. Black, Jr., Inc., supra,* 492 Pa. at 403, 424 A.2d at 1253; *Shainline v. Alberti Builders, Inc., supra,* 266 Pa.Super. at 139, 403 A.2d at 581–582; *Tice v. Nationwide Life Insurance Co.,* 253 Pa.Super. 118, 124, 384 A.2d 1257, 1260 (1978); *Moyer v. Americana Mobile Homes, Inc., supra,* 244 Pa.Super. at 445, 368 A.2d at 805; *Campbell v. Heilman Homes, Inc.,* 233 Pa.Super. 366, 370, 335 A.2d 371, 374 (1975); *Johnson v. Yellow Cab Company of Philadelphia, supra* 226 Pa.Super. at 272, 307 A.2d at 424; *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc., supra,* 223 Pa.Super. at 471, 301 A.2d at 910.

■ The record in the instant case suggests that counsel's conduct, if mistaken, was neither dilatory nor a deliberate decision not to defend. Counsel was diligent in attempting to ascertain the means by which service had been made. The error which resulted in a judgment being entered against appellant arose from an overabundance of caution. However, it was the type of error which has usually been held to constitute sufficient legal justification to support the opening of a default judgment. See: *Johnson v. Yellow Cab Company of Philadelphia, supra; Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc., supra.* The absence of an appropriate docket entry in Philadelphia, where the suit was pending, and also the delay demonstrated by Bildstein's counsel in responding to pertinent inquiries, contributed to this error. These circumstances required that the default judgment be opened; and it was an abuse of discretion to refuse to do so.

The order denying the motion to open the judgment is reversed. The default judgment is opened, and the case is remanded for further proceedings. Jurisdiction is not retained.