## Haerich v. Phillips

C.P. of Warren County, no. 272 of 1999.

*Thomas E. Africa,* for plaintiffs.
*Wayne Hundertmark,* for defendant.

MILLIN, *P.J.,* January 20, 2000—On October 13, 1999, this court entered an order granting the defendant's motion to strike off the default judgment, for the reason that the court was under the mistaken impression that the plaintiff, in taking the default judgment, had relied upon an agreement to extend time and had taken the default pursuant to Pennsylvania Rule of Civil Procedure 237.2, and the court found that the agreement of counsel did not comply with requirements of Pennsylvania Rule of Civil Procedure 237.6. The court as stated was mistaken in this regard. The record reveals that the plaintiff filed a complaint on May 18, 1999. The record also reveals that the complaint was served upon the defendant on June 14, 1999 by the Warren County Sheriff's Department. On July 6, 1999, Attorney Thomas Bonavita, then representing the defendant, sent a letter to plaintiff's counsel confirming a phone conversation stating that the

plaintiff had granted Attorney Bonavita additional time to file an answer until July 19, 1999. Despite the foregoing agreement, plaintiff filed a notice to enter judgment by default on July 7, 1999 and served the same upon the defendant by first-class mail and filed a certificate of service. On July 14, 1999, the defendant signed an affidavit for an answer at the office of Attorney Bonavita. The answer itself is dated July 21. Attorney Bonavita failed to file the answer. The defendant entered a judgment by default on July 21, 1999. On July 31, 1999, the defendant received a copy of the default judgment which was mailed by the Warren County prothonotary on July 30, 1999. On August 9, 1999, defendant, through her current counsel, Wayne H. Hundertmark, Esquire, filed a petition to strike off and/or open default judgment.

A petition to strike a judgment is a common-law proceeding and operates as a demurrer to the record. Thus, a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. Matters dehors the record will not be considered and if the record is self-sustaining, the judgment will not be stricken. *Comyn v. SEPTA,* 141 Pa. Commw. 53, 594 A.2d 857 (1991). Here, this court previously erred when it granted the motion to strike judgment on the grounds that the agreement of counsel did not comply with Pennsylvania Rule of Civil Procedure 237.6. Therefore, the court's prior order shall be vacated. The record does not indicate that plaintiff's counsel sent a copy of the notice of praecipe to enter default judgment to the defendant's then-attorney, Thomas Bonavita. At the time plaintiff's counsel filed the notice, he was aware that the defendant was represented by counsel by virtue of the conversation with Mr. Bonavita. The rule only requires the plain-

tiff to serve "the party against whom judgment is to be entered and to his attorney *of record,* if any." Pennsylvania Rule of Civil Procedure 237.1(2)(ii). (emphasis added) The court therefore finds that there is no defect apparent on the record and the motion to strike off judgment shall be denied.

The court previously did not consider the defendant's petition to open judgment as it had granted the petition to strike; therefore the court must now consider the defendant's petition to open.

A petition to open judgment is an appeal to the court's equitable powers and is a matter for judicial discretion. *McCoy v. Public Acceptance Corp.,* 451 Pa. 495, 305 A.2d 698 (1973). In considering a petition to open a judgment the court may consider matters dehors the record. *Matlock v. Lipare,* 243 Pa. Super. 167, 170-71, 364 A.2d 503, 504 (1976). A petition to open a judgment will not be granted unless three factors coalesce:

(1) The petition to open must be promptly filed;

(2) the failure to appear or file a timely answer must be excused; and

(3) the party seeking to open the judgment must show a meritorious defense.

Here, the petition to open was unquestionably filed promptly. The defendant received notice of the default judgment on July 31, 1999, obtained new counsel and filed the petition to open on August 9, 1999. It is also clear that the third aspect of the requirement is met in that the defendant has filed an answer which alleges what is, if true, a meritorious defense. The court must now consider the second aspect, that is, whether the failure to appear or file a timely answer may be excused. Here, the defendant received notice of intention to take a default

on July 7, 1999. On July 14, 1999, the defendant signed an affidavit for an answer at her then-attorney's office with the understandable expectation that an answer would be filed within the time allowed by law. She knew that her counsel had obtained an agreement for an extension until July 19.[1] Therefore, the defendant had every right to properly believe that an answer had been filed within the time frame permitted. There is no explanation as to why Attorney Bonavita did not file the answer, although there is no indication that Attorney Bonavita had received the notice dated July 7, 1999 from the plaintiff to defendant that plaintiff would enter a default judgment. Attorney Bonavita's letter to plaintiff's counsel is dated July 6, 1999 and based on that letter, Attorney Bonavita may very well have anticipated that no notice of default had been sent, as counsel had agreed to an extension to July 19, 1999. Sending a default notice on July 7, 1999 would not seem appropriate.

"The power to open judgment should be exercised when the default is the result of oversight or mistake by counsel." *PennDOT v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982).

Here, the record establishes that the defendant's attorney did not make a deliberate decision not to defend the suit, which would ordinarily preclude the opening of judgment. *Versak v. Washington,* 359 Pa. Super. 454, 519 A.2d 438 (1986).

"The rules permitting the entry of default judgments 'were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended "to provide the plaintiff

---

1. Bonavita letter of July 6, 1999 to Thomas E. Africa, Esquire, filed as an exhibit to the plaintiff's response to motion to strike off.

with a means of gaining a judgment without the difficulties which arise from litigation." ' " *Bildstein v. McGlinn,* 320 Pa. Super. 416, 420, 467 A.2d 601, 603 (1983).

For the foregoing reasons the defendant's motion to open judgment shall be granted and the court enters the following order:

## ORDER

And now, January 20, 2000, the court's order of October 13, 1999 is vacated for the reasons herein stated. It is further ordered that the defendant's motion to open default judgment is granted.