378 A.2d 971

**Lawrence A. RUGGIERO and Gina A. Ruggiero, his wife**

**v.**

**Harold E. PHILLIPS, Jr. and Kay E. Phillips, his wife, Appellants.**

Superior Court of Pennsylvania.

Argued Dec. 7, 1976.

Decided Oct. 6, 1977.

William H. Agnew, Nazareth, for appellants.

Henry R. Newton, Easton, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

This is an appeal from an order denying and dismissing a petition to open a default judgment. The litigation was started by a complaint in equity seeking reformation of a deed by which appellees and Philip S. Ruggiero conveyed land to the appellants. Mr. Ruggiero, an attorney, represented all parties to the transaction. The deed was dated August 12, 1971, and the complaint was filed September 27, 1974.

For some three months prior to the filing of the complaint, Philip S. Ruggiero, representing the appellees, had

sought with increasing insistence to persuade the appellants to consent to a reformation of the deed, the contention being that the appellees had conveyed more land than had been intended. In the late summer of 1974, appellants retained Attorney Ranald S. Barratta to represent them in the dispute and so advised Mr. Ruggiero. Several conversations took place between Attorneys Ruggiero and Barratta over the course of the next few weeks, but no progress was made in settling the dispute.

On September 17, 1974, Mr. Ruggiero advised Mr. Barratta by letter that he proposed to file a complaint in equity unless "your clients", the appellants, voluntarily executed a deed correcting the earlier conveyance. Mr. Barratta did not respond to this letter and on September 27, 1974, such a complaint was filed. Service of the complaint was made on the appellants on October 1, 1974, and on October 12 they turned the complaint over to Attorney Barratta who advised them that he would prepare appropriate papers to be signed within a few days. However, he neither entered his appearance in the case nor filed an answer on behalf of appellants by October 21, the return day.

On October 22, 1974, Attorney Ruggiero, acting on behalf of the appellees, entered judgment by default against appellants. He did not notify either Attorney Barratta or the appellants prior to taking this action. On October 31, 1974, Mr. Barratta, unaware that a default judgment had been entered, filed a praecipe with the Prothonotary entering his appearance on behalf of the appellants and, on the same day, mailed a letter to Mr. Ruggiero notifying him that Mr. Barratta's appearance had been entered and requesting "your kind indulgence in answering the complaint which I hope to have forwarded to you by Friday, November 8". Mr. Ruggiero replied under date of November 7 to the effect that a default judgment had been entered against the appellants on October 22, 1974. This was the first notice that either Mr. Barratta or the appellants had received that a default judgment had been entered.

Mr. Barratta contacted Mr. Ruggiero on several occasions with the request that Mr. Ruggiero consent to having the judgment reopened, expressing regret and responsibility for having deprived his clients of their day in court. Mr. Ruggiero neither accepted nor rejected the request but said he would talk it over with his clients, leaving Mr. Barratta under the impression that the judgment would be reopened, although in his later deposition he conceded as a matter of hindsight that this had been "perhaps wishful thinking".

On November 11, 1974, appellants replaced Mr. Barratta as their attorney with William H. Agnew who formally entered his appearance for the appellants and so notified Mr. Ruggiero by letter on December 5, 1974. In that letter he stated his understanding that an agreement had been reached to withdraw the default judgment. On December 6, 1974, Mr. Ruggiero replied by letter that he had at no time told Mr. Barratta that he would reopen the default judgment, but concluded the letter with a compromise proposal of settlement. Mr. Agnew made a written counterproposal under date of December 19 which Mr. Ruggiero rejected by letter dated January 2, 1975, accompanied by a counterproposal that the land conveyed in 1971 be reconveyed and the consideration returned. This was rejected by the appellees.

On February 11, 1975, Mr. Agnew wrote Mr. Barratta, copy to Mr. Ruggiero, that unless the default judgment was lifted within the week Mr. Agnew would start proceedings to reopen the judgment. The letter was addressed to Mr. Barratta rather than Mr. Ruggiero because of Barratta's repeated efforts to achieve a voluntary reopening in order to minimize embarrassment to him.

A petition to reopen the judgment was filed on March 5, 1975, and a rule obtained to show cause why this should not be done. Appellees filed an answer to the rule and also moved to strike the petition to open the judgment. In due course, depositions of the appellants and of all the attorneys involved in the matter were taken in order to permit the court to rule both on the motion to reopen and on the motion to strike that motion.

Under date of May 19, 1976, the court denied appellees' motion to strike the petition to reopen as procedurally incorrect and, in the same order, denied and dismissed appellants' petition to reopen the judgment. Appellants' appeal is addressed to the denial and dismissal of the petition to reopen.

A petition to open a default judgment is an appeal to the equitable discretion of the court and should be exercised only when three factors coalesce: (1) the petition to open must be filed promptly; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense: *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698 (1973); *Williams v. Allegheny Union Plaza, Inc.*, 231 Pa.Super. 170, 172, 332 A.2d 493 (1974); *Silverman v. Polis*, 230 Pa.Super. 366, 368, 326 A.2d 452 (1974); *Slott v. Triad Distributors, Inc.*, 230 Pa.Super. 545, 549, 327 A.2d 151 (1974).

In its memorandum opinion the trial court concluded "that defendants have pleaded sufficient facts to constitute a meritorious defense". It is appellants' position on the merits that the 1971 deed correctly reflects the agreement of the parties. It is the position of the appellees that more property was conveyed than had been intended.

Appellants' counsel, Barratta, failed to enter his appearance or file an answer within twenty days of service of the complaint on appellants. On the first day of default, appellees took a "snap" judgment without notice to either appellants or their counsel. Counsel for both parties stated in their depositions that it is customary in Northampton County to give notice before taking a default judgment. Philip S. Ruggiero, the attorney who entered the judgment for appellees, explained that he would have given such notice had appellants' attorney, Ranald S. Barratta, entered his appearance; but that absent such appearance or a response to his letter of September 17 to the effect that a complaint would be filed, he concluded that Mr. Barratta no longer represented appellants. This conclusion was hardly justified

in view of appellants' earlier advice to Mr. Ruggiero that Mr. Barratta represented them, confirmed by several casual conversations on the subject between the two attorneys in the month of September. A telephone call to appellants or to Mr. Barratta would have confirmed that he still represented appellants; and notice that a default judgment would be taken on October 22 would quite possibly have produced an answer to the complaint or at least a satisfactory commitment to its early filing.

"Snap" judgments, taken without notice, do not commend themselves to this court. We said in *Slott, supra,* 230 Pa.Super. 545, 548, 327 A.2d 151, 152, in a similar situation where judgment was taken on the twenty-first day after service:

"'Snap' judgments taken quickly after the expiration of an answer's due date are viewed by the courts with disfavor. This view results both from the fact that prejudice to the party taking the judgment can rarely be shown, and from the fact that such action is thought to be contrary to the true purpose of the default judgment.[5]

[5] 'The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant.' *Kraynick v. Hertz,* 443 Pa. 105, 111, 277 A.2d 144, 147 (1971), quoting *Coggin v. Barfield,* 150 Fla. 551, 554, 8 So.2d 9, 11 (1942)."

Feeling as we do that "snap" judgments, taken without notice, do not serve the true purpose of a default judgment, we treat the giving of notice, or the failure to do so, as an important factor in determining whether a default judgment should be opened. As we stated in *Silverman, supra,* 230 Pa.Super. 366, 370, 326 A.2d 452, 454:

"One very frequent element in the sets of circumstances of cases where a default judgment has been upheld is notice to opposing counsel of the intent to enter a default judgment. Conversely, the lack of such notice is frequent-

ly singled out as an important factor justifying the opening of a default judgment."

We conclude that a judgment taken on the first day that appellants were in default, without notice to their counsel, although such notice was customary in the community, should be opened if such relief is sought without undue delay.

Judgment was taken on October 22, 1974, and the petition to reopen was filed on March 5, 1975. An examination of the intervening circumstances will show that counsel for appellants moved with reasonable dispatch. Counsel Barratta was first advised of the default judgment by letter dated November 7, 1975. He was replaced by Attorney William H. Agnew on November 11, but remained active thereafter in attempting to negotiate with Mr. Ruggiero for a voluntary reopening of the judgment. Mr. Ruggiero neither accepted nor rejected such overtures but took them under advisement.

We find no evidence of undue procrastination on Mr. Agnew's part. He was being importuned by Mr. Barratta on the one hand to let Barratta negotiate for a voluntary reopening of the judgment and was being encouraged by Mr. Ruggiero on the other hand to discuss settlement of the dispute on its merits, as heretofore detailed. Within three months he was convinced that neither move was going to succeed and notified all concerned that he would move to open the judgment. We are satisfied that under the circumstances he moved with reasonable dispatch to petition for such reopening.

In summary, appellants have pleaded sufficient facts to constitute a meritorious defense. Their default in filing an answer resulted in a "snap" judgment on the first day of default, without notice. As soon as it became apparent that the judgment would not be lifted by consent and that the matter in dispute could not be settled by negotiation, a petition to reopen was filed. Under the circumstances, we do not believe that appellants should be denied an opportuni-

ty to present their defense on its merits. The equities of the situation require that the judgment be reopened.

Reversed.

JACOBS, J., dissents.