393 A.2d 476

SAFEGUARD INVESTMENT COMPANY

v.

ENERGY SERVICE ASSOCIATES, INC., West Penn Power Company, Allegheny Power Service Corporation, Murray Friedlander, Bernard Friedlander and William Shields.

Appeal of WEST PENN POWER COMPANY and Allegheny Power Service Corporation.

SAFEGUARD INVESTMENT COMPANY

v.

WEST PENN POWER COMPANY, Allegheny Power Service Corporation and Allegheny Power System, Appellants.

Superior Court of Pennsylvania.

Argued April 18, 1978.

Decided Oct. 20, 1978.

George M. Weis, Pittsburgh, for appellants.

Howard R. Singer, Pittsburgh, for appellee, at Nos. 104 and 105.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

These appeals are from the orders of the lower court dismissing appellants' petitions to open default judgments. We reverse.

On March 17, 1977, West Penn Power Company and Allegheny Power Service Corporation were served, as were the four other defendants, with a complaint in assumpsit. (Appeal No. 104). Simultaneously, plaintiff Safeguard Investment Company served a complaint in equity on West Penn Power, Allegheny Power Service Corporation and Allegheny Power System. (Appeal No. 105).[1]

1. Allegheny Power System is the parent company of West Penn Power and two other operating electric utility companies. Allegheny Power Service, also a part of the Allegheny Power System, is a managing company for the three operating utilities.

The day after service was effectuated appellants' attorney entered his appearance. On April 6, 1977, the twenty-first day after service, Safeguard's attorney entered default judgments. No notice or warning was given to appellants or their attorney of record prior to the entry of the judgments. On the next business day, April 11, appellants' attorney, unaware of the judgments, filed preliminary objections alleging an adequate remedy at law in the equity action.

Notice of the entry of the defaults was received on April 12, 1977. On April 15, 1977, appellants filed petitions to open the judgments entered in both actions.[2] Attached to the petition was the answer to the complaint in assumpsit. The answer had been forwarded to appellants on April 7th for execution of the necessary affidavits.

"A petition to open a default judgment is an appeal to the equitable discretion of the court and should be . . . [granted] only when three factors coalesce; (1) the petition to open must be filed promptly; (2) the failure to appear or file a timely answer must be excused; and (3) the party seeking to open the judgment must show a meritorious defense: *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 498, 305 A.2d 698 (1973) . . . ." *Ruggiero v. Phillips*, 250 Pa.Super. 349, 353, 378 A.2d 971, 973 (1977) (further citations omitted).

The only question in this case is whether the failure to answer was excused. Appellants contend that they did not answer prior to the entry of the default because they had no notice a default would be entered and because preparation of the responses took a substantial amount of time due to the peculiar facts of the case.

Safeguard's claim arose out of an alleged contract for the sale of coal. The actual parties to the contract were Safe-

**2.** On April 13, 1977, again without notice, appellees obtained a writ of execution on the default judgment in the assumpsit action and levied on certain property located at the West Penn Power generating plant in Springdale. A petition to set aside the levy and execution was granted April 19, 1977.

guard and Energy Service Associates. Safeguard contends that Energy Service Associates acted as appellants' agent and that Bernard Friedlander, who signed the contract as president of Energy Service Associates, was a subagent of appellants. Safeguard contends that it received only partial payment for a coal shipment and that appellants owe approximately $33,000. Appellants aver that Energy Service is an independent contractor and not their agent. In support of the allegations in their petition, including the proposed answer to Safeguard's complaint, appellants placed on the record a deposition of D. P. Pripstein, who is employed by Allegheny Power Service. Mr. Pripstein explained that any coal contract had to be authorized by him and that he made no such authorization in the instant case. He also explained the problems involved in investigating Safeguard's claim because appellants had no knowledge that Safeguard had any interest in any coal shipment.

Whether the investigative problems encountered by appellants could have provided, without more, a sufficient excuse is a close question. *See Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974). Certainly, appellants could have petitioned for an extension of time. Nevertheless, we hold that because of the circumstances surrounding the entry of the judgments, they should be opened.

Snap judgments taken without notice are strongly disfavored by the courts. "The true purpose of the entry of a default is to speed the cause thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. It is not [a] procedure intended to furnish an advantage to the plaintiff so that a defense may be defeated or a judgment reached without the difficulty that arises from a contest by the defendant." *Kraynick v. Hertz*, 443 Pa. 105, 111, 277 A.2d 144, 147 (1971). Appellees have not alleged that they would be prejudiced by the opening of the judgments.

In *Ruggiero v. Phillips, supra,* we held that when "a judgment [is] taken on the first day that appellants were in default, without notice to their counsel, although such notice

was customary in the community, [it] should be opened if such relief is sought without undue delay." 250 Pa.Super. at 355, 378 A.2d at 974. We believe that a similar rationale applies in the instant case and that under the circumstances the judgment should be opened to permit appellants to present their defense on the merits.

The orders of the lower court are reversed and the cases are remanded for further proceedings.

HOFFMAN, J., did not participate in the consideration or decision of this case.