397 A.2d 10

**PENN STATE MUTUAL INSURANCE COMPANY**

v.

**The BURGLAR'S ENEMY, INC., Bernard Weiss, Judith Weiss, Thomas F. Franklin, Corrine Franklin.**

**Appeal of Bernard WEISS and Judith Weiss.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided Jan. 24, 1979.

Robert E. Tucker, Pittsburgh, for appellants.

Albert J. Strohecker, III, Harrisburg, for appellees.

John R. Orie, Jr., Pittsburgh, for amicus curiae Housing Authority of the City of Pittsburgh.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This is an appeal by Bernard Weiss and Judith Weiss, his wife, two of the defendants, from an order denying their petition to strike or open a confessed judgment entered in Fayette County against them in plaintiff's favor on March 30, 1976. Plaintiff insurance company was dissolved on January 18, 1977, subsequent to the entry of the judgment, and its affairs turned over to the Insurance Commissioner of the Commonwealth of Pennsylvania.

The instrument by virtue of which the aforesaid judgment was entered is described as a "Special indemnifying agreement" being part of an "Application for Contractor's Bond" made by The Burglar's Enemy, Inc. (Burglar, Inc.) to Penn State Mutual Insurance Company (Penn State). Appellant Bernard Weiss was president of the applicant and Thomas P. Franklin its vice president. The "Special indemnifying agreement" was executed by Bernard Weiss and Judith Weiss, his wife, and Thomas P. Franklin and Corrine Franklin. This agreement read.

> In consideration of Penn State Mutual Insurance Company of South Fork, Pennsylvania, executing the Bond(s) herein applied for, we the undersigned, hereby binding ourselves and each of us, over respective heirs, legal representatives, successors and assigns, jointly and severally, join in the foregoing agreements, and the undersigned if a corporation admits that it is financially interested in the performance of the obligation(s) which the bond(s) applied for are given to secure and asserts that it is legally and fully empowered to obligate itself hereby.

The application for the bond, of which a special section identified as a "Premium and Indemnifying Agreement" contained the confession of judgment clause with which we are concerned, was executed in the name of Burglar, Inc. by Bernard Weiss as president.

The bond in question was conditioned on the faithful performance by Burglar, Inc. of a contract it had entered

into with the Housing Authority of the City of Pittsburgh (Housing) to install certain security equipment in the nature of closed circuit cameras, the total contract consideration being $178,457.00.

Disputes having arisen between Burglar's, Inc. and Housing, two suits were entered by Housing in Allegheny County, one being against both Burglar, Inc. and Penn State, and the other against Burglar, Inc. alone. These suits were filed November 20, 1975, which was before the entry of the confessed judgment in Fayette County, and have not been resolved.

The only question presented at this time is "May a surety enter judgment against individual guarantors, without notice, upon their guarantee prior to the entry of a judgment against the surety's principal?"

Housing has been granted the privilege of filing an Amicus Curiae brief, which it has done and in which it seeks to have this appeal dismissed, or in the alternative to have the case remanded to the lower court with instructions to enter a stay of execution pending the resolution of the cases filed in Allegheny County.[1]

Appellant's initial argument is that the judgment, having been entered without notice to them or an opportunity given them to first offer a defense to the claim, should be stricken under *Swarb et al v. Lennon et al*, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). This issue was not raised in the lower court and will not be considered for the first time by this court. *Dellephane v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974), *Cone v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974). The only reason for striking the judgment presented to the lower court in appellants' petition was that

1. It is noted that the lower court in refusing the appellants' petition to open the judgment, did so without prejudice and with leave granted them to re-petition the court to open the judgment when the litigation presently pending in Allegheny County has been finally adjudicated.

the Allegheny County litigation had not been adjudicated and a judgment entered in plaintiff's favor. There are no allegations in that petition to bring the case within *Swarb et al v. Lennon et al* (supra).

Appellants' second argument is based on Pa.R.C.P. Sect. 2951(c) viz "If the instrument is more than ten (10) years old or if the original cannot be produced for filing or if it requires the occurrence of a default or condition precedent before judgment may be entered, the occurrence of which cannot be ascertained from the instrument itself, the action must be brought under Subdivision (b)." This requires the filing of a complaint before the judgment is confessed.

Such procedure was followed by plaintiff. A complaint as required by R.C.P. 2951(b) in the form required by R.C.P. 2952 was filed to support the confession. Subsection (j) of rule 2952 specifically provides that such complaint shall neither contain a notice to defend nor be endorsed with a notice to plead, and no responsive pleading required before the judgment is confessed. Therefore, we find no merit in this argument.

Although appellants in their brief do not address themselves to the basic issue whether judgment may be confessed against a guarantor before a judgment is entered against the principal, other than to say the instrument under consideration requires a default before confession is permitted, we have examined the instrument and fail to find in it such condition precedent. In fact, plaintiff's complaint contains a statement that "No default is required under the terms of the attached instrument."

There is no reference in appellants' brief to any abuse of discretion on the part of the lower court in refusing to open the judgment. Therefore, we deem it unnecessary to consider this subject. This is probably due to the provision in the order permitting a re-petition.

Order affirmed.