444 A.2d 1188

**Beryl ROBERTS, Appellant,**

v.

**John ROBERTS.**

Superior Court of Pennsylvania.

Argued May 5, 1981.

Filed April 23, 1982.

Neil A. Morris, Philadelphia, for appellant.

Joseph Della Guardia, Philadelphia, did not file a brief on behalf of appellee.

Before CERCONE, President Judge, and SPAETH and CAVANAUGH, JJ.

CERCONE, President Judge:

Appellant, Beryl Roberts, takes this appeal from the order of the lower court in which the court opened three judgments praeciped by appellant against appellee, John Roberts. At the time the judgments were entered, the parties were married. They have since divorced. Finding error in the equity court's decision, we reverse.

This action had its inception on May 12, 1977, when appellant, in conjunction with her complaint in divorce, filed a petition for alimony pendente lite, counsel fees and expenses. From the very beginning, appellee's response to this action has been characterized by legal foot-dragging to the point of contempt of court. A deposition was scheduled, for which appellee failed to appear, and a court order was necessary to compel appellee's cooperation. Thereafter, on January 30, 1978, the court entered an order granting the petition for alimony pendente lite in the sum of $150.00, plus an additional sum of $500.00 to go towards counsel fees. In

response to this order, appellee filed a petition for reconsideration, which was denied and appellee was found in contempt several months later. Appellant filed a petition seeking imprisonment of appellee for failure to comply with the court's orders. Once again, appellee responded by filing a petition for reconsideration. The lower court then discharged appellee's rule which had stayed the proceedings, and, for a third time, appellee filed a petition for reconsideration. On April 11, 1979, the court stayed all proceedings and ordered further depositions and a hearing on this matter. Thereafter, over a period of several months, appellant entered three judgments by praecipe on the arrearages due.[1] More than a year later, on June 10, 1980, a final decree in divorce was entered and on June 23, 1980, appellee filed a petition to open judgments. This petition was granted by the court, and appellant now appeals.

 In this appeal, appellant argues, *inter alia*, that the lower court erred when it ruled upon appellee's petition to open without affording appellant adequate time to file an answer. The standard for review in such cases is that this court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Superior Ct. 129, 403 A.2d 577 (1979). The record shows that on June 25, 1980, the court issued a rule to show cause to appellant as to why the petition to open should not be granted; appellant was directed by the Rule to appear before the court on July 2, 1980 and answer. There also appears at the bottom of the Rule a handwritten notation, presumably written by the court, which reads "Please notify all parties." Appellant now contends that appellee's attorney did not mail the notice

---

1. Appellant states in her brief that these judgments were entered pursuant to the Divorce Law of 1929, P.L. 1237, as amended 1963, Aug. 14, P.L. 1065, No. 462, § 1; 1967, Oct. 19, P.L. 451, No. 207, § 1, 1974, June 27, P.L. 403, No. 139, § 1, 23 P.S. § 46.

until Friday, June 27 and that it was not received by appellant's counsel until Monday, June 30—just two days prior to argument. To support her argument, appellant includes in her brief a copy of the letter purportedly sent by appellee's counsel. However, appellant admits that this letter is not part of the record, and this being the case, it can not be considered by this Court. Nonetheless, upon close inspection we find that the record does not indicate that any notice was sent appellant, nor does it indicate that appellant filed an answer to the petition. Yet the court opened the judgments based upon the petition of appellee alone. We find that the equities in this case are not so plain that they can be readily decided without the benefit of appellant's answer.

In the case of *Peoples National Bank of Susquehanna County v. Hitchcock*, 278 Pa.Superior Ct. 375, 420 A.2d 589 (1980), this court was asked to review a case in which the lower court refused to issue a rule to show cause and instead opened judgment based solely upon the allegations in the petition to open. Although the *Hitchcock* case is not directly on point, the rationale bears upon the issue now at hand. In *Hitchcock* it was held that where, without an answer to the petition to open, the record was so incomplete that this Court could not tell where the equities lay, the lower court would be ordered to issue a rule to show cause why the petition to open judgment should not be granted. In the instant case, although the court did issue a rule to show cause, there is no indication on the record that any notice of this rule was sent appellant. Based on the facts of the case at bar and on the convoluted procedural history, not all of which is detailed in this opinion, we find that the court abused its discretion by ruling on the petition without benefit of answer.

Accordingly, the order of the lower court opening judgment is reversed and the case is remanded for the filing of an answer to the petition by appellant.